MEMORANDUM **
Appellant/Cross-Appellee Hawaiian Airlines, Inc. (“Hawaiian”) appeals the district court’s order vacating an award by the Hawaiian Airlines System Board of Adjustment (the “Board”) affirming Hawaiian’s discharge of Appellee/Cross-Appel-lant Robert C. Konop (“Konop”). Konop cross-appeals the district court’s denial of his alternative grounds for vacating the award. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse that portion of the district court’s order vacating the Board’s award, affirm in all other respects, and remand for entry of judgment confirming the Board’s award.
I.
The district court correctly recognized that the required notice of “the precise charge or charges” to the employee limits the Board’s authority to decide disputes. The district court erred, however, by equating “charges” with “facts” or “evidence.” The CBA leaves open what constitutes or suffices as a charge. It does not define a charge, nor does it specify what information, or degree of factual detail, if any, is required. Cf. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 128 S.Ct. 1147, 1154, 170 L.Ed.2d 10 (2008) (“Even with the aid of regulations the meaning of charge [as used in the ADEA] remains unclear....”). While the charge must be “precise,” this might be merely the difference between a general allegation that the employee’s conduct violated the House Rules and an allegation that the employee violated a particular House Rule. In light of this ambiguity and lack of specific guidance from the CBA, the sufficiency and scope of the charges were properly left to *707 the Board’s interpretation. Desert Palace, Inc. v. Local Joint Executive Bd. of Las Vegas, 679 F.2d 789, 792 (9th Cir.1982). Because the Board’s consideration of facts not specifically alleged in the Statement of Charges did not conflict with any express provision of the CBA, the district court should not have substituted its judgment for the Board’s. W.R. Grace & Co. v. Local Union 759, Int’l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am., 461 U.S. 757, 765, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983) (“Because the authority of arbitrators is a subject of collective bargaining, just as is any other contractual provision, the scope of the arbitrator’s authority is itself a question of contract interpretation that the parties have delegated to the arbitrator.”). While an arbitrator may not ignore the plain language of the contract in favor of “his own notions of industrial justice,” United Paperworkers Int’l Union v. Misco, 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987), so long as the arbitrator is even arguably construing the contract, the reviewing court’s view of the correctness of the arbitrator’s decision— whether factually or-4-legally flawed or even “silly” — is irrelevant. Major League Baseball Players Ass’n v. Garvey, 532 U.S. 504, 509, 121 S.Ct. 1724, 1728, 149 L.Ed.2d 740 (2001) (“[I]f an ‘arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,’ the fact that ‘a court is convinced he committed serious error does not suffice to overturn his decision.’”) (quoting E. Assoc’d Coal Corp. v. Mine Workers, 531 U.S. 57, 62, 121 S.Ct. 462, 466, 148 L.Ed.2d 354 (2000)).
II.
In Konop’s cross-appeal, we affirm the issues presented below for the reasons cited by the district court. We decline to consider Konop’s claim of fraud and corruption as he failed to raise it before the district court. See FSLIC v. Butler, 904 F.2d 505, 509 (9th Cir.1990) (“As a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances.”).
Each party shall bear its own costs.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.